UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAFAEL FONTANEZ,

                Plaintiff,

          v.

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, *et al.*,

                Defendants.

12 Civ. 483

**OPINION**

---

    Rafael Fontanez, *pro se*, brings this action under 42 U.S.C. § 1983 against numerous defendants in connection with various deprivations he claims to have suffered while imprisoned at the Anna M. Kross Center on Riker's Island. Defendants move to dismiss. Because Fontanez has not exhausted the available administrative remedies, the motion is granted.

## The Complaint

    Fontanez originally sued the New York City Department of Corrections; Dora B. Schriro, Commissioner of the NYCDOC; Robert N. Cripps, Warden of the Anna M. Kross Center; Michael Bloomberg, Mayor of the City of New York; and Raymond Kelly, Commissioner of the New York City Police Department. However, on February 3, 2012,

the court dismissed Fontanez's claims against Mayor Bloomberg, Commissioner Kelly, and NYCDOC, and added the City of New York as a defendant pursuant to 28 U.S.C. § 1915.

Fontanez does not describe a sequence of events in the way that most plaintiffs do in drafting a complaint. Instead he simply offers a litany of grievances relating to his time in the Anna M. Kross Center. He alleges that, due to overcrowding:

- He was not given a telephone call when he was taken into custody.
- He was not housed in a "timely manner."
- He was not issued a cup, soap, toothpaste, or a toothbrush.
- For two days he was not assigned an identification number to make outgoing phone calls.
- Sometimes his housing unit has been without toilet paper for days at a time.
- He has "not been provided with several basic needs."
- There is sometimes not enough food.
- There is no razor exchange program.
- Linens often arrive late and, when they do, are wet and dirty.
- There is no personal laundry service or facility, and prisoners are no longer provided with soap to wash their own clothes.
- He has not been provided 60 square feet of living space.

- Visitors are made to wait for an excessive period of time in a room without enough chairs.
- The medical intake takes longer than it should.
- The commissary does not properly stock snacks and coffee.
- The prison does not offer halal food. (Though Fontanez does not allege that his religious commitments restrict him to a halal diet.)
- When prisoners are taken to court, prisoners are packed into holding pens in excess of the cells' capacities.
- Fights often break out in these holding pens due to overcrowding.
- The prison's law library is inadequate and prisoners are given irregular and shortened sessions in it.
- The City's policies direct officers to arrest citizens unnecessarily, contributing to the overcrowding problem.

In contrast, Fontanez alleges little in the way of personal harm to him as a result of these problems. Instead, he mostly summarizes his factual allegations: "impermissible punishment," "violation of my health and hygiene," "nutrition and calorie intake deprivation," "poor food service," "[poor] supply management," increased violence, and "direct threat of highly contagious and infectious diseases." In compensation for these harms, he seeks $85,000 in damages.

Fontanez alleges that he initially voiced his complaints through the prison's Inmate Grievance Resolution Committee. But that committee never responded to his grievance. Fontanez says that he then wrote letters to Commissioner Schriro and Warden Cripps, but never filed an appeal through the additional channels provided by the official grievance procedure.

Fontanez then initiated this action by filing a complaint on January 18, 2012. Defendants moved to dismiss the complaint on May 9, 2012.

## Discussion

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, (2009). In deciding such a motion, a court must accept as true the facts alleged in the complaint, but it should not assume the truth of its legal conclusions. Iqbal, 556 U.S. at 678-79. A court must also draw all reasonable inferences in the plaintiff's favor, and it may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit. ATSI Commc'ns, Inc. v. Shaar Fund. Ltd., 493 F.3d 87, 98 (2d Cir. 2007). A complaint filed by a *pro* se plaintiff is to be construed liberally and, therefore, interpreted to raise the strongest arguments that it suggests. See

Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

So long as he remains in prison, a prisoner may not bring an action under 42 U.S.C. § 1983 or any other federal law unless he has exhausted the administrative remedies available to him. 42 U.S.C. § 1997e(a). Whether a prisoner has exhausted the administrative remedies available to him is determined by reviewing three factors: what administrative remedies, if any, are available, whether the defendants are estopped from raising exhaustion as a defense, and whether special circumstances exist that excuse the plaintiff from meeting the exhaustion requirement. Hempill v. N.Y., 380 F.3d 680, 686-91 (2d Cir. 2004).

In determining whether administrative remedies are available, courts ask whether a similarly situated individual would have deemed them to be available. Id. at 686. Naturally, this inquiry hinges on the grievance process actually provided by the prison in which the inmate is housed.

NYCDOC has established a four-step administrative grievance program. An inmate must first file a grievance with the Inmate Grievance Review Committee. The decisions of this body may then be appealed to the commanding officer of the facility where he is housed, then to another body called the Central Office Review Committee, and then, finally, to the New York City Board of Correction. See DOC Directive 3375 R-A, available at http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf.

A prisoner remains obliged to proceed through each step of the review process even if, at some initial or intermediate stage, he receives no response from prison officials.  See Reuben v. NYC Dep't. of Corr., 11 Civ. 378, 2011 WL 5022928 (S.D.N.Y. Oct. 18, 2011); George v. Morrison-Warden, 06 Civ. 3188, 2007 WL 1686321 (S.D.N.Y. June 11, 2007) (collecting cases).  Communications directed at prison officials outside of the official grievance process are no substitute for following the official grievance procedures. See Beatty v. Goord, 210 F. Supp. 2d 250, 255 (S.D.N.Y. 2000).

Here, Fontanez concedes that he has not exhausted his available administrative remedies.  While he completed the first step of the grievance process, filing a grievance with the Inmate Grievance Review Committee, he pursued it no further because, he says, there is no process provided for grievances ignored by the committee.  But Fontanez is incorrect.  NYCDOC has provided him with another three bodies to which he may address his grievance, whether or not the review committee acted upon it.  Indeed, Directive 3375 R-A(IV)(B)(1)(d)(i)  provides specific steps to be taken when the committee does not respond to an inmate grievance form placed in the grievance box.  In any event, the courts of this district have consistently held that these higher levels of review remain available whether a prisoner has received an adverse decision or no decision at all on his initial grievance.

It is clear that the defendant is not estopped from raising the exhaustion defense.  And, furthermore, plaintiff has not alleged the existence of any "special circumstances" excusing

his compliance with the requirement. Therefore, because Fontanez has failed to exhaust the administrative remedies available to him, his action must be dismissed.

## Conclusion

Defendants' motion to dismiss the action is granted.

So ordered.

Dated: New York, New York
March 19, 2013

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 19, 2013